ROBERT M. SNAPP *et al.*, Plaintiffs in Error, *v.* ABIRAM PEIRCE, and HANS PATTEN, Defendants in Error.

### ERROR TO WARREN.

A deed, made in pursuance of a recorded bond, relates back to the date of the bond, and conveys the title as it stood at the time the bond was recorded.

The record of the bond is notice to creditors and subsequent purchasers.

Facts which rest in parol may be proved by parol, but that which rests in writing must be proved by the writing, or its loss or destruction established, and its contents proved.

The fact that a bond for the conveyance of land has been given up to the obligor, may be proved by parol, and when that is shown, there is a very strong probability, if not an actual presumption of law, that the bond was destroyed by the obligor.

When there is no written assignment of a bond, the conveyance to the assignee by delivery is sufficient, when acted upon by the obligor, voluntarily, or in obedience to a decree of a court, to connect the deed with the bond.

THIS was an action of ejectment, commenced at the April term of Warren Circuit Court, A. D. 1854, by defendants in

error against plaintiffs in error, to recover the north-west quarter of section fourteen, township eight north, in range one west, and declaration filed in usual form, to which the defendants below filed a plea of general issue. The case was tried before WEAD, Judge, the jury in the cause having been discharged by agreement of parties, and judgment for the plaintiffs below.

The facts are sufficiently stated in the opinion.

MANNING & MERRIMAN, for Plaintiffs in Error.

GOUDY & JUDD, for Defendants in Error.

CATON, C. J. Hans Patten executed to Clement Peirce a bond for a deed of the premises in question, which was duly recorded on the 4th of April, 1836. Patten subsequently mortgaged the same premises to Morse, which mortgage was recorded on the 30th of December, 1836. This mortgage was foreclosed, and under it the lands were sold to Ralsten, in 1844, and Ralsten conveyed to the defendants in 1852, who are in possession, and the presumption of law is, till they show some other title, that they are in possession under this one, so that it is only necessary for the plaintiffs to show a better title from Hans Patten, the common source of both.

The record shows the execution of a deed from Hans Patten to Abiram Peirce, the plaintiff, dated on the 11th of October, 1836, and recorded on the 8th of May, 1837, subsequent to the record of the mortgage to Morse, under which the defendants derive title. Abiram Peirce claims that his deed from Hans Patten was executed in pursuance, and in satisfaction, of the bond for a deed executed by Hans Patten to Clement Peirce, who had assigned the bond to him. If this be so, then we think that the deed made in satisfaction of the bond, must relate back to the date of the bond, and convey the title as it stood at the time the bond was recorded. Our recording laws make the record of the bond notice to creditors and subsequent purchasers. This notice affected Morse at the time he took the mortgage, and all purchasers under that mortgage. It told them that Patten had already sold the land, and bound himself to convey a good title to the obligee or his assigns. This must be the effect of our recording laws, else their beneficial purpose is very limited indeed. Such is the effect of the recording of a mortgage, and yet that does not of itself convey the absolute fee to the land; but when that fee is conveyed under and in pursuance of the provisions of the mortgage, such conveyance relates back to the date of the mortgage, and passes the title unaffected by any conveyance subsequent to its record.

The real·question, then, is, did the plaintiff, Abiram Peirce, show that his deed was made in pursuance, and satisfaction, of the bond given by Patten to Clement Peirce? This is unequivocally sworn to by Clement Peirce and Amos Peirce, the former of whom swears that he assigned the bond to Abiram Peirce, who, the latter swears, paid the balance of the money due thereon to Patten, who thereupon executed the deed to Abiram Peirce, in satisfaction thereof, and took up the bond. This is all very well, and very satisfactory, if it was competent to prove these facts in this mode. The general rule is, that that which rests in parol may be proved by parol, but that which rests in writing must be proved by the writing, or its loss or destruction established, and its contents proved. If the assignment of this bond was a part of the proof indispensable to show that the deed was executed in satisfaction of the bond, and that it was in writing, then the bond and assignment should have been produced, or its absence accounted for. The fact of the delivery up of the bond to the obligor, at the time of the execution of the deed, resting as it did in parol, was well proven by parol, and when that was proved, there is a very strong probability, if not an actual presumption of law, that the bond was destroyed by the obligor, as a paid note or mortgage would be likely to be; and if the law will not presume, without proof, that it was destroyed, this probability of its destruction is so strong as to require but very slight cumulative evidence to show that it could not be produced on the trial. The only legitimate proof on this point is in the testimony of Clement Peirce, who swears that he went to the house of Hans Patten, who was absent in California, and searched among all his papers, which were produced by his family, and could not find the bond. That he wrote to Patten in California, inquiring for the bond, and produced his reply, stating that he had executed the deed in satisfaction of the bond, which he had taken up at the time, and subsequently destroyed. This letter was admitted in evidence, against the objection of the defendants. This, we think, was wrong, and if the case depended upon it, would of itself reverse the judgment, but the court held the proof of the loss of the bond insufficient, and refused to admit parol evidence of the contents of the assignment. But we are inclined to think that the testimony of Clement Peirce, of the search which he had made among the papers of Patten, aided by the probability of its destruction by the obligor, after it had been satisfied and taken up by him, sufficient proof of its loss or destruction to have admitted the parol evidence of the written assignment. There is but little probability that Patten would have taken this canceled bond with him to California, while he left other papers at home

with his family, and if still in existence, the very strong probability is, that it would have been found among those papers.

But the court below held, that the facts testified to by Amos Peirce, that Abiram Peirce had produced the bond to Hans Patten, who received of him the balance of the purchase money due on the bond, and made the deed in satisfaction of it and took it up, were sufficient to connect the deed with the bond, and give it relation back to the date and recording of the bond. In this we are not prepared to say the court erred. If there had been no written assignment of the bond, we think the conveyance to the assignee by delivery, sufficient, when acted upon by the obligor voluntarily, or in obedience to a decree of a court, to connect the deed with the bond; but especially when we feel authorized to consider the parol evidence of the written assignment as competent in the cause, which the court below did not feel authorized to do, we cannot hesitate to find the title of Abiram Peirce to be the better and paramount title. After the evidence was all in, by the agreement of the parties, the jury was discharged and the cause submitted to the court for decision, who found the issue for the plaintiffs, and found that they were seized of the premises in fee simple, and rendered a judgment in favor of both. In this the court, no doubt through inadvertence, committed an error. The proof showed that the title was in the plaintiff, Peirce, and that the plaintiff, Patten, had no title. The judgment must be reversed, and judgment entered here in favor of Abiram Peirce, such as the court below should have rendered.

*Judgment reversed.*