JOHN M. LOOMIS, Appellant, v. GEORGE RILEY, Appellee.

APPEAL FROM COOK.

Where the plaintiff waives the right to take a default, or to rule the other party to file a plea, and proceeds to trial, he is estopped to urge the want of a plea, and must be held to have consented to try the case as though the general issue had been pleaded.

A misrecital of the date of the execution, in a sheriff's deed, does not destroy the validity of the deed, if the judgment and execution are so described therein that they may be fully identified.

A purchaser from one of the parties to a pending suit for partition, acquires his interest in the property, subject to such decree as may be rendered on the hearing. By such purchase, *pendente lite,* he becomes a party to the suit, whether he is a party to the record or not, and if any portion is set off in severalty to his grantor, it enures to his benefit.

So, a mortgage, made on an undivided interest of a tenant in common, *pendente lite,* is only an incident to that interest, and, after partition, is limited to the portion allotted to the tenant in common executing it.

A mortgagee is a necessary party to a proceeding for partition.

A party to the record in a partition suit, should make known his rights, and have his interests protected; and having the opportunity to do so, he is bound by the decree of the court, and cannot collaterally attack it. The same is true of the assignee of such party.

A decree being a matter of public record, a purchaser from one of the parties to the record, is presumed to have bought with full knowledge of the decree.

THIS was an action of ejectment, brought by appellant against appellee, who was the tenant of A. J. Higgins, to recover possession of a portion of the south-west quarter of Section 22, Township 39 north, Range 14.

The evidence on which the decision of the court is based, is fully stated in the opinion.

H. F. WAITE, and J. W. CHICKERING, for Appellant.

J. B. THOMAS, for Appellee.

WALKER, J. It is agreed that Harmon was previously invested with the title to a tract of land which embraced the premises in controversy, and that both parties derive their titles mediately from him. The plaintiff on the trial below, read in evidence a deed from him to John Peck and three other persons in common, for $49\frac{90}{100}$ acres, of which the premises in controversy were a part. A deed from Peck to Lyman, a deed from him to Sayer, and a deed from him to Bronson, each for an undivided fourth of the premises. He likewise introduced the record of a proceeding in chancery, instituted by a tenant in common of this land, against Peck and others, for a partition according to the respective interests of the parties. An amended bill was afterwards filed, alleging that Sayer had become the owner of Peck's fourth of the premises, and making him a defendant. The bill was again amended, alleging that Bronson had become the purchaser of that interest in the tract of land, and he was made a defendant.

On a final hearing of the cause, the court found and decreed, that Bronson was the owner in fee, unincumbered, of one-fourth part of the premises. The court further found and decreed that Peck, Sayer and Lyman, with other defendants, were entitled to no right in the land. The court also decreed a partition of the premises according to their respective interests. This decree was rendered on the 22nd November, 1851, and was executed and carried into effect, and partition deeds were executed in conformity with the partition, on the 26th day of the same month. By the partition, the premises in controversy with other portions of the tract, were assigned and conveyed to Bronson. The plaintiff also read in evidence the record of a judgment in favor of plaintiff and against Bronson and S. A. Lowe, recovered at the June term, 1855, of the Cook Circuit Court, for $1,511.50, and an execution issued on this judgment, dated June 29th, 1855, with a levy on the premises in controversy, dated the 24th of September following. Also a sheriff's deed for the premises, reciting the judgment correctly, but reciting the execution as bearing date on the 23rd day of June, 1855, to John C. Miller, executed on 21st of May, 1856. Likewise, a deed from Miller to plaintiff, dated on 23rd of May, 1857.

The defendant then introduced a mortgage on the undivided one-fourth part of the whole tract, of $49\frac{90}{100}$ acres, executed by Bronson to Sayer, on the 26th day of July, 1851, with the entry of satisfaction of the same by S. P. Tracy, on the 9th day of February, 1858. Also, an assignment of this mortgage by Sayer to David Magie, on the 10th of September, 1852, and an assignment of the same on 31st of October, 1855, by David

Magie to Sherman P. Tracy. Likewise, a deed from Tracy to A. J. Higgins, dated on the 18th day of December, 1855, conveying the tract in controversy with other portions of the mortgaged premises. It was admitted that the defendant was in possession, holding under Higgins, at the commencement of this suit. On this evidence, the judge who tried the case by agreement, without the intervention of a jury, found the issues for the defendant, and the plaintiff thereupon entered a motion for a new trial, which the court overruled, and rendered a judgment against the plaintiff. To reverse which, he prosecutes this appeal.

It is first urged, that the court below erred in trying the cause without any plea having been filed to the second count of plaintiff's declaration. While this is not strictly formal, this court has repeatedly held, that it is not such an error as will justify a reversal of the judgment. When the plaintiff waives the right to take a default, or to rule the other party to file a plea, and proceeds to trial, he is estopped to urge the want of a plea, and must be held to have consented to try the case as though the general issue had been filed. There is no force in this objection.

On the trial below, no objection was interposed to any portion of the appellant's evidence, except to the sheriff's deed. It is urged that as it misrecited the date of the execution upon which the sale was made, no title passed to the purchaser. The deed, in all other respects, accurately described the parties, the judgment and execution. The object of the statute in requiring a recital of the judgment and execution, is only to identify them, and when that is done so that they cannot be mistaken, the requirements of the law have been satisfied. It has been repeatedly held by the courts in New York, that the misrecital of the judgment in the deed will not vitiate or destroy the title. The same doctrine is fully recognized by this court in the case of *Phillips* v. *Coffey*, 17 Ill. R. 154. There can be no difference in the principle, whether the misrecital relate to the judgment or the execution, and the authority of that case is conclusive on this question, as the reference in this deed to the execution is such as to clearly and unmistakably refer to the execution read in evidence. No one can hesitate to believe it is the same. This, then, entitled the appellant to recover, unless the appellee destroyed the *prima facie* case made by his evidence.

It is insisted that this was done, by showing the mortgage to Sayer, and its assignment to Magie, and by him to Tracy, and his deed to Higgins, the landlord of the defendant in this suit. Sayer was a purchaser *pendente lite*, and also sold to Bronson in the same manner. Having purchased of one of the parties

to the record, while the suit was pending, he acquired his interest in the property, subject to such a decree as might be rendered on the hearing. This is true, whether he became a party to the record or not, as he became a party to the suit when he purchased *pendente lite*. This rule is too familiar to require illustration or the support of authority. He purchased an undivided fourth of the tract of land, and when he sold it, he took a mortgage of Bronson on that interest. Had he retained the title to a fourth of the land, he would, when partition was made, have held one-fourth of the premises in severalty, whether a party to the record or not, as the interest of his grantor would have enured to his benefit; and so with Bronson, his grantee, who had allotted to him his fourth of the premises, in severalty, including the premises in controversy. Had Sayer set up and relied upon his mortgage as a subsisting lien, it would have been protected, by limiting it to the fourth decreed to Bronson. A mortgage thus made, on an undivided interest of a tenant in common *pendente lite*, is only an incident to that interest, and must follow it, to the portion allotted to the tenant in common executing it. When the interest of the tenant in common has been ascertained and limited by partition, to a specific portion of the premises, mortgagees of his interest must be limited to the specific portion thus allotted to the mortgagor. Otherwise, any tenant in common would have the power of defeating an effectual partition, by executing a mortgage at any time before the execution of the decree making partition. But such cannot be the law, as the mortgagee or purchaser takes, subject to have his interest limited, by the decree, to the specific portion of the mortgagor or grantor.

The court, on the hearing, found and decreed that Bronson held his undivided fourth, derived through Peck in fee, and free from incumbrance. And that Sayer had no interest in the premises. But it is urged that a mortgagee is not a necessary or even a proper party to a proceeding in partition. Our statute regulating partitions requires that the petition shall particularly describe the premises, and set forth and make exhibits of the rights and titles of all parties interested therein, so far as known, including tenants for years, for life, by the courtesy or in dower, and of persons entitled to the reversion, remainder or inheritance, and of every person, who upon any contingency, may be or become entitled to any beneficial interest in the premises, so far as the same are known to the petitioner. The third section requires all persons having such an interest to be made parties to the proceeding. The eighth section requires the court to ascertain from evidence in case of default, or from the confession by plea or by the verdict, and declare the rights,

titles and interests of all the parties to such proceedings, petitioners as well as defendants, and give such judgment as may be required by the rights of the parties. This statute is certainly comprehensive enough to embrace a mortgagee within the rights and interests required to be made parties. He has such an interest in the premises, that he may become entitled to a beneficial interest upon default in the payment of the money. Upon a report of commissioners in such a proceeding that the property is not susceptible of a division, and a sale is decreed, the amount of the mortgage should be ascertained, so that the rights of the mortgagor and mortgagee might be adjusted. He has by conveyance a present interest in the land, and not a mere lien, that may ripen into an interest. He and the mortgagor represent the whole title of the portion of the land, mortgaged. And whatever may be the decisions of courts, we think that the statute is broad enough to, and does require mortgagees as well as mortgagors to be made parties to a proceeding for partition.

We have been referred to decisions of the courts in New York, where it is held that a mortgagee is not a proper party, and cannot be, so as to affect his interest. This is true in that State, and it is for the reason, if for no other, that the statute in that State regulating partitions, has declared that he shall not be made a party. Their courts have also held, that whether the proceeding be by bill in equity, or by petition under the statute, the court must conform to the requirements of the statute, and hence in equity they have held that a mortgagee is not a proper party. Had our statute dispensed with him as a party, there can be no doubt that we should hold him to be not only an unnecessary, but an improper party.

Again, the court had jurisdiction of the subject matter, whether the proceeding was in equity, or a petition at law ; and whether it was the one or the other, the publication of the notice of the pendency of the suit, was authorized, and by that means the court acquired jurisdiction of Sayer, and if he felt that he was not a proper party, he should have raised that question by plea or answer, and having failed to do so, he must be bound by the decree. He was claiming to be the mortgagee of this interest, at the time the decree was rendered, and being a party to the record, if his mortgage was *bona fide* and subsisting, he should have set it up and had his interest protected on the final hearing. Having had the opportunity of doing so, and the court having found and decreed that he had no interest in the premises, he was by the decree barred from asserting it, so long as the decree remained in force. It could not be by him attacked collaterally. And his assignee could only be substituted to his rights and

interests, as declared by the court.    He purchased the mortgage almost a year after the decree was rendered, and consequently acquired no right under it, against the mortgaged property. The decree being a matter of public record, and Magie having purchased of one of the parties to the record, the presumption is, that he did so with full knowledge of the decree, and must have relied alone on Bronson's responsibility, and not upon the mortgage.    But whether or not he supposed he was acquiring any lien on the property, as his vendor had been barred by the decree from asserting it, he acquired no other or better right. By that decree, the property became fully discharged from this mortgage, and Sayer and his assignee lost all right to assert it, against any portion of the land, whether as against an undivided fourth or a specific portion.

When Miller became the purchaser, under the execution against Bronson, he acquired the title, freed from any lien, of this mortgage.    The plaintiff having adduced a sufficient legal title to authorize a recovery, and the defendant having failed to defeat that right of recovery, by showing a better title, either in himself or outstanding, the court errred in finding for the defendant, and rendering a judgment in his favor.    Wherefore the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*