## AZARIAH F. HULS

*v.*

## FRANCIS KIMBALL.

1. SECONDARY EVIDENCE—*of contents of instrument—preliminary proof.* Proof of the fact that a mortgagee surrendered to the mortgagor the mortgage given to secure the purchase money of the chattels embraced therein, under an agreement that the property should be returned, after proving that such a mortgage had been executed, is sufficient to let in parol evidence of the contents of the mortgage, on behalf of the mortgagee, in a suit between him and a third person concerning the title to the mortgaged property.

2. SAME — *by whom the contents may be proved.* When secondary evidence is admissible to prove the contents of a mortgage, such contents may

be proven by any one who can swear he knew them. The mortgagee is quite as competent as the mortgagor for that purpose.

3. And it is sufficient to enable a witness to testify to the contents of the instrument, where he states that he saw it signed, had it in his possession more than a year, and knew its contents, without stating that he had read it.

APPEAL from the Circuit Court of Kane county ; the Hon. SILVANUS WILCOX, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Messrs. BARRY & BOTSFORD, for the appellant.

An original paper in the hands of a person who can not be reached by process of the court, so as to compel its production, may be proven by parol. *Ralph* v. *Brown*, 3 Watts & Serg. 395.

A party is not compelled to take a *dedimus* and travel out of the State for the best evidence, but may introduce the best within the State. *Ford* v. *Hale*, 1 Monr. 23 ; *Walker* v. *Crolle*, 8 B..Mon. 11.

Where the instrument is a note or a mortgage surrendered up, there is a very strong probability, if not an actual presumption of law, that it was destroyed, and this probability of destruction is so strong as to require but very slight cumulative evidence, to show that it could not be produced on the trial. *Snapp* v. *Pierce*, 24 Ill. 156 ; *Bond* v. *Root*, 18 Johns. R. 60.

Messrs. MAYBORNE & BROWN, for the appellee, on the question of the admissibility of secondary evidence to prove the contents of instruments, cited *Blade* v. *Noland*, 12 Wend. 173 ; 2 Johns. Cases, 488 ; 10 Johns. R. 374 ; 3 Cowen, 303 ; 3 Wend. 344.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was an action of trover, for a clover-huller and horse-power, tried in the circuit court of Kane county, and a verdict and judgment for the plaintiff. To reverse this judgment, the defendant brings the record here, by appeal, and the only question of any importance made on the record is, as to the ruling of the court in refusing secondary evidence of the existence of a chattel mortgage upon the machine, under which defendant claimed, and subject to which, plaintiff purchased his interest.

Appellee insists that the preliminary proof, to let in secondary evidence of the contents of the mortgage, was not sufficient.

The execution of the mortgage was proved by competent testimony. It was given by one Hinch and Cary to appellant, of whom they purchased, to secure the payment of the purchase money, and the acknowledgment was duly entered on the docket of the proper magistrate. Cary sold his interest in the machine to one Button, and he to the plaintiff. Afterwards, the last payment being due, and unpaid, it was agreed between Hinch and appellant, that appellant should surrender to Hinch the notes and mortgage, and receive back the machine, it then being, it seems, in another county, and under the control of appellee. The note due and the mortgage were given up, and appellant went to Kendall county, where the machine was, and without the knowledge of plaintiff took it back to Kane county.

In order to get in evidence about the mortgage, appellant testified that Hinch had it the last time he saw it; that he gave it up with the last note due to him, and did not know where they were; that he did not have them in his possession or power to produce on the trial; had not seen Hinch since the suit was commenced; after it was commenced, he tried to find him; wrote to his wife's people in the east, but they did not know where he was; learned that he had left the State;

went to Batavia, and made inquiry there; then went to Cortland, at which place he learned he had shipped his goods to DeWitt, Iowa; wrote letters there, and found he was there; sued out a *dedimus potestatem*, which was returned by the commissioner, not executed; then wrote to a friend there, from whom he found out that Hinch's wife had died there, and he had left the place and gone to parts unknown; had written letters without results; don't know where he now lives; has no copy of the mortgage; had the mortgage in his possession over one year; knew what conditions were in it; was present when it was signed; the mortgage and note were given up to Hinch on condition that he, appellant, should take Hinch's interest in the machine, and relieve him and Cary from the note and mortgage, which was done, and he had seen neither since.

The court held this preliminary proof insufficient.

Appellee's counsel liken it to the case of *Mariner* v. *Saunders*, 5 Gilm. 113, and *Rankin* v. *Crow*, 19 Ill. 626. In Mariner's case, the question was on lost deeds conveying land; one of the deeds was made to one Walters, who was dead. The court said, the executor of Walters, or other person having the custody of his papers since his death, should have been examined, which had not been done. The court also say, that a court is vested with a certain discretion, depending upon the peculiar circumstances of each case; and if the least suspicion of fraud or design can be gathered from any part of the testimony, the court can not be too strict.

In Rankin's case, the controversy was also about a lost deed conveying land, and the rule in Mariner's case approved, that every reasonable effort must be made by the party claiming the benefit of a lost deed, to produce the original.

In the case of *Snapp et al.* v. *Peirce et al.* 24 Ill. 156, it was said by this court, the fact that a bond for the conveyance of land has been given up to the obligor may be proved by parol, and when that is shown, there is a very strong probability, if not an actual presumption of law, that the bond was destroyed by the obligor.

We are disposed to liken this case to that of a bond so delivered up to the obligor. As in that case, the bond was of no further use ; so in this, the mortgage could have no value, and the presumption would be very strong the mortgagor, on its delivery to him, had destroyed it. Proof of the fact that it was delivered to him, was sufficient, after proving such a mortgage had been executed, to let in evidence of its contents, and that by any one who could swear he knew the contents of it. It was not at all important Hinch should testify to that. The mortgagee was quite as competent. It is said appellant did not testify he had read the mortgage, but he did testify that he saw it signed ; had it in his possession more than one year, and knew its contents.

But appellee contends that appellant, when he took the property, did not claim under the mortgage, but under a purchase from Hinch. The parties state this matter differently. There is a conflict of evidence upon this point. On the point of sufficient preliminary proof, we are satisfied it was ample to let in the secondary evidence.

The circuit court having taken a different view of the matter, its judgment must be reversed and the cause remanded, for further proceedings consistent with this opinion.

*Judgment reversed.*