WILLIAM WEBER, Plaintiff in Error, *vs.* ALBERT J. KEMPER *et al.* Defendants in Error.

*Opinion filed December 16, 1925—Rehearing denied Feb. 9, 1926.*

1. MORTGAGES—*when filing of amended bill to foreclose is not a new suit.* The filing of a second amended bill to foreclose after the cause has been twice taken to the Supreme Court is not the beginning of a new suit, where it is sought to foreclose the same trust deed securing the same indebtedness as in the original or former amended bill, the only alteration being that a loan association which was a party complainant in the original proceeding was dismissed from the suit because the interest which it claimed was acquired *ultra vires.*

2. SAME—*grantees of mortgagor lis pendens are bound by foreclosure decree—collateral attack.* Grantees claiming through the mortgagor a portion of the premises secured by the trust deed are purchasers *lis pendens* and are bound by a final decree of foreclosure without being made parties thereto, where they acquired their interests subsequent to the beginning of the foreclosure proceedings although prior to the filing of the final amended bill upon which the final decree was entered ordering a sale of the property; and a bill for partition filed by them, and praying also to enforce a former decree dismissing the foreclosure suit, is a collateral attack on the decree of foreclosure.

3. SAME—*statement of doctrine of lis pendens.* Where a party buys property which is the subject of litigation from a party to

the action after process has been served and while the action is pending he will be bound by whatever decree may be finally entered in the suit in regard to the property, as by purchasing *pendente lite* he makes himself a party to the suit although he is not a party of record and his interests in the litigation are represented by the party from whom he purchased.

4. SAME—*purchaser lis pendens may appear and defend his interests.* A purchaser *lis pendens* may appear in the litigation and defend his interests in the name of the party from whom he purchased, and it is not necessary that he be made a party to the bill in order to make his defense.

5. SAME—*purchaser lis pendens cannot be made party on motion.* A purchaser *lis pendens* cannot on his own motion be made a party to the record, and if he desires to become a party to the record he must do so by filing a supplemental bill, but he cannot, by petition, pray to be admitted to take part as a party defendant.

6. PLEADING—*amended bill relates back to time of filing of the original bill—lis pendens.* An amendment to a bill in chancery, or an amended bill, is a continuation of the original bill and relates back to the time of the filing of the original bill, and the amendment or amended bill does not destroy the *lis pendens* unless it sets up new equities or introduces new claims or a different and distinct ground for relief not before asserted.

7. SAME—*a demurrer does not admit allegations as to facts which are res judicata.* A demurrer does not admit allegations as to facts which have been previously decided and are *res judicata,* even though they are alleged contrary to the adjudication.

8. APPEALS AND ERRORS—*when motion to dismiss writ of error will be denied.* A motion to dismiss a writ of error on the ground that there has been a final decree in another proceeding settling the rights of the parties will be denied where it is not clearly shown that there has been no appeal or writ of error to review said decree and that there will be no such review.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

HENRY N. MILLER, for plaintiff in error.

FREDERICK MAINS, (GRANVILLE W. BROWNING, of counsel,) for defendants in error Christina Huber and John E. Huber.

JULIUS GOLDZIER, for other defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On October 24, 1895, Christina Huber and John Huber, wife and husband, borrowed $18,000 from William Kemper and executed their note in that amount payable to their own order five years after date and endorsed it in blank and delivered it to Kemper, and to secure the payment of the note executed their trust deed to Kemper on certain real estate owned by Mrs. Huber. By various payments made to Kemper by the North Avenue Building and Loan Association that corporation attempted to acquire title to the note and trust deed. The Hubers paid the interest to the loan association up to April 24, 1910, but thereafter defaulted in the payment of the interest, and the loan association and Kemper filed their bill to foreclose the trust deed on November 17, 1910. Neither Huber nor his wife was a member of the loan association, and the bill was demurred to on the ground that the loan was *ultra vires* because the loan association was prohibited from making a loan to anyone not a member. The bill was thereafter amended, and later an engrossed amended bill was filed setting up the facts and the transaction, alleging that Kemper individually made the loan and sold the note to the association, and if the sale of the note to the association was void he holds the title to the note for the benefit of the association. Leave was granted to make Kemper a party complainant, as trustee. A decree of foreclosure was entered, and on appeal to the Appellate Court the decree was affirmed. The mandate of the Appellate Court was filed in the circuit court and the death of Kemper suggested, and his executors, Albert J. Kemper and Herman J. Westphal, were substituted in his stead as parties complainant. Thereafter the record of the Appellate Court was reviewed by this court, and we held that the at-

tempted purchase of the note and trust deed was unauthorized and *ultra vires* and that the loan association had no equitable or other rights in the premises and no right to maintain a bill of foreclosure, and reversed the judgment of the Appellate Court and the decree of the circuit court and remanded the cause. (*North Avenue Building and Loan Ass'n* v. *Huber,* 270 Ill. 75.) It was not held or decided by this court that Kemper or his executors could not maintain foreclosure proceedings or other action on the note and trust deed for the collection of the amount unpaid upon the loan. In fact, the legal holding of the court was that the transaction between Kemper and the loan association was absolutely void and in no manner changed or affected the legal and equitable rights of Kemper in the note and trust deed.

The mandate of this court was filed in the circuit court on January 11, 1916. On January 15, 1916, a decree was entered by the circuit court dismissing the bill for want of equity. On February 1, 1916, the executors, pursuant to notice, moved the court that the decree entered dismissing the bill be vacated on the ground that neither they nor their attorney had any actual or other notice of the motion to dismiss the bill, as required by the rules of the circuit court, and also moved for leave to file an amended and supplemental bill and to dismiss the loan association as a party complainant. The decree dismissing the bill was set aside for want of notice to the executors or their attorney, in accordance with their motion. The court then overruled the motion of the executors to amend the bill on the ground that the motion was not accompanied by any proffered amendment and because the questions involved had been fully adjudicated by this court when the cause was formerly before it, and also denied the motion to dismiss the loan association out of the case. The original amended bill was then dismissed by the court at the costs of the loan association, and the executors then appealed from that decree to the Appellate Court, which affirmed the order of the trial court. The

cause was then brought to this court for review on *certiorari* proceedings, and the judgment of the Appellate Court and the decree of the circuit court were again reversed and the cause was remanded, with directions to permit the executors to file their proposed amendment or amended bill and for further proceedings. It was then held by this court that the decree dismissing the bill was properly vacated by the circuit court because there was no notice given to the executors or their attorney. For a full statement of the facts and holding in that case by this court we refer to our decision therein in *North Avenue Building and Loan Ass'n* v. *Huber,* 286 Ill. 375.

On October 31, 1921, William Weber, plaintiff in error, filed in the circuit court of Cook county the bill in equity now before us, against Albert J. Kemper and Herman J. Westphal, individually and as executors of the last will and testament of William Kemper, deceased; Henry F. Kavelage and Herman J. Westphal, individually and as trustees under the last will and testament of William Kemper, deceased; the North Avenue Building and Loan Association, Christina Huber, John E. Huber, Ida M. Mains, the Chicago Title and Trust Company, trustee, and Robert Clauder, individually and as receiver, defendants in error, praying for the partition of the real estate involved in the proceedings heretofore set out. The prayer of the bill also asked for the enforcement of the former decree of the circuit court of Cook county dismissing the bill for want of equity, the impeachment of a certain decree of foreclosure entered by the same court, and for setting aside as a cloud on the title the deed made by the master in chancery to the executors of the estate of William Kemper in such foreclosure proceeding, and for an accounting. Albert J. Kemper and Herman J. Westphal, individually and as executors, and the North Avenue Building and Loan Association, filed their general and special demurrer to the bill, which was sustained and a decree entered dismissing the bill for want of

equity. The record is brought to this court for review by writ of error. John E. Huber and Christina Huber have assigned cross-errors raising the same questions as those presented by the assignment of error by plaintiff in error.

It appears from the allegations of the bill that after the second judgment of the Appellate Court and the decree of the circuit court were reversed and the cause remanded by this court in *North Avenue Building and Loan Ass'n* v. *Huber,* 286 Ill. 375, the cause was re-instated in the circuit court; that on March 15, 1919, the loan association was dismissed as a party complainant, and that the executors filed their amended and supplemental bill against Christina Huber. Mrs. Huber answered the amended and supplemental bill, and on April 14, 1919, moved that her son, John E. Huber, and Frederick Mains, Ida Mains, the Chicago Title and Trust Company and William Weber be made defendants to the bill. This motion was denied. On April 15, 1919, John E. Huber and Frederick Mains petitioned the court that they and Ida Mains, the Chicago Title and Trust Company and William Weber be made defendants to the amended and supplemental bill, and the court denied that petition. The cause was referred to the master in chancery to take the proofs and report his conclusions of law and fact. The master made his report and overruled objections to it. The objections were allowed to stand as exceptions before the court, and on a hearing before the court the order of reference to the master was set aside and the cause heard in open court and a decree of foreclosure entered. Pursuant to this decree the premises were sold on June 11, 1920, and at the master's sale the executors of the last will and testament of William Kemper became the purchasers, and on September 12, 1921, no redemption having been made, they received a master's deed to the premises. The bill in this case sets out all of the former proceedings before the circuit court in great detail, which proceedings were reviewed by this court in its two decisions mentioned

in the first part of this opinion. It also alleges the following further facts: Christina Huber and John Huber were divorced in December, 1905, and in the settlement of their property rights the premises involved in this and the former suits were conveyed to Mrs. Huber. In 1912 she conveyed an undivided one-third interest in the premises to Frederick and Wesley H. Mains. Wesley H. Mains died in 1914, and by his will his wife, Ida, became the owner of an undivided one-sixth interest in the premises. On November 15, 1915, while the writ of error in the case of *North Avenue Building and Loan Ass'n* v. *Huber,* 270 Ill. 75, was pending in this court, Frederick Mains and wife conveyed an undivided one-sixth interest in the premises to plaintiff in error, William Weber. In the same month, and while the writ of error was still pending, Mrs. Huber conveyed the remaining two-thirds of the premises to her son, John. On the same day, John executed a trust deed to the Chicago Title and Trust Company, as trustee, of his undivided two-thirds interest, to secure his note for $20,000 payable to himself and endorsed to his mother. The order of the court setting aside its order of January 15, 1916, dismissing the original bill for foreclosure for want of equity on the ground that no notice was given to the complainants or their counsel was not in accord with the facts; that pursuant to notice to the solicitors for complainants in that suit, motion was made at the time by Mrs. Huber for the entry of a decree dismissing the bill, and, the solicitor for complainants in that suit being present in court, the motion was continued to January 15, 1916, and on that date the motion was granted and a decree entered dismissing the bill for want of equity.

The plaintiff in error and the defendants in error who have assigned cross-errors make the following contentions: First, all the proceedings had in the foreclosure suit subsequent to the decree of January 15, 1916, dismissing the engrossed amended bill, were void because the court was without jurisdiction to enter any further proceedings in the case

320—2

after that order or decree was entered, and that the decree which was vacated should be restored and partition granted as prayed; second, if the proceedings are not void for the foregoing reasons, then the decree of foreclosure entered March 31, 1921, based on the amended bill of the executors filed March 15, 1919, was not binding on them because the amended and supplemental bill was as to them a new suit, to which they were not made parties, and that they have a right by this suit to contest the validity of the note and trust deed and of the decree of foreclosure, sale of the premises thereunder and of the master's deed; third, that the final decree of foreclosure was rendered on the amended and supplemental bill, and *lis pendens* as to them did not commence until that bill was filed, which was after they became interested in the premises; fourth, that the right to foreclose the trust deed under the amended and supplemental bill was barred by *laches* and the Statute of Limitations; fifth, that the demurrer to this bill admitted the truth of the allegations that the decree of foreclosure was rendered *ex parte* and that neither Mrs. Huber nor any of her grantees were given an opportunity to be heard, and that the decree rendered by the court on January 15, 1916, dismissing the bill for want of equity, was rendered after due notice to the parties in interest, and that by reason of such admission the court did not have jurisdiction to render a final decree of foreclosure, etc., and that the demurrer should therefore have been overruled.

This bill clearly discloses that Christina Huber was a party defendant to the bill of foreclosure and that she has contested the foreclosure proceedings in all its stages, from the filing of the original bill of the building and loan association and Kemper until the final decree of foreclosure was entered, and that in pursuance of that decree a sale of the premises was had and the master's deed was issued, she and all parties to this suit claiming under her having failed to redeem from such sale. It is equally clear that she is

completely bound by those proceedings, and that she can not now by her answer or cross-errors set up any new or other defense which she did not make in the foreclosure proceedings as a defense to such proceedings. It also appears that all the parties to this bill who are asserting any interest in the premises in question against the executors are either her grantees directly or parties claiming through her direct grantees, and that all such interests were acquired pending this long-continued litigation, beginning with the filing of the original bill and ending with the final decree of foreclosure. The filing of the final amended bill, on which the decree of foreclosure was rendered, was not in any sense a new suit. Every fact necessary to entitle William Kemper or his executors to a foreclosure was stated in the amended bill filed in the circuit court before the first decree was reviewed by this court, and all parties now claiming under this bill acquired their interests subsequent to the filing of that amended bill. The only things required or necessary to have made the amended bill unobjectionable at the time it was filed were the striking out of the bill the loan association as a party complainant and all references or statements therein as to its supposed rights, which references and statements were merely matters of surplusage, as the bill clearly disclosed by the facts stated that the association was entitled to no relief whatever and not entitled to be a party complainant to the bill. The subsequent striking out of the bill of that association's name as a party, and the references and statements aforesaid, did not make it a new bill or a new suit. The substitution of the names of the executors in lieu of William Kemper had no effect to render the bill a new suit. Under the law, therefore, the other parties to this suit claiming through Mrs. Huber are as completely bound by the decree of foreclosure as is she herself, under the doctrine of *lis pendens.*

The rule in regard to *lis pendens* is, if a party buys property which is the subject of litigation from a party to the

action after the process has been served and while the action is pending, he will be bound by whatever decree may be finally entered in the suit in regard to the property. By purchasing *pendente lite* he makes himself a party to the suit although he is not a party of record and his interests are represented by the party from whom he purchased, in the litigation. (*Loomis* v. *Riley,* 24 Ill. 307; *Jackson* v. *Warren,* 32 id. 331; *Norris* v. *Ile,* 152 id. 190; *Moore* v. *Jenks,* 173 id. 157.) He has a right to appear in the litigation and defend his interests in the name of the party from whom he purchased, and it is not necessary that he be made a party to the bill in order to make his defense. (*Scott* v. *Milliken,* 60 Ill. 108.) He cannot on his own motion be made a party to the record. (*Lunt* v. *Stephens,* 75 Ill. 507.) If he desires to become a party to the record he must do so by filing a supplemental bill, but he cannot, by petition, pray to be admitted to take part as a party defendant. (*Lunt* v. *Stephens, supra.*) The rule is that an amendment to a bill in chancery, or an amended bill filed in a suit in chancery, is a continuation of the original bill and relates back to the time of the filing of the original bill, and that the amendment or amended bill does not destroy the *lis pendens* unless the amendment or amended bill sets up new equities or introduces new claims or a different and distinct ground for relief not before asserted. The bill herein filed shows that it was sought by the amended and supplemental bill to foreclose the same trust deed, securing precisely the same indebtedness, sought to be foreclosed and collected by the engrossed amended bill filed August 12, 1911, which clearly disclosed that the loan association that was made a party complainant had no interest whatever which it could assert in that proceeding, and it was just as clearly disclosed by the engrossed amended bill who was the absolute owner of the note and the trust deed, etc.

All the contentions of Christina Huber and the other parties claiming under her in the bill have been completely

settled by the two former decisions of this court and by the final decree of foreclosure, which was not appealed from, and no defense can be made by her or by those claiming under her. This bill is in reality a collateral attack on the decree of foreclosure, which can in no view of the law be sustained, as there was complete jurisdiction of the subject matter and of the parties to the suit. For the same reason the order of the circuit court, affirmed by this court, dismissing the bill for want of equity cannot be attacked successfully in this proceeding, and we have already settled that proposition by our previous decision in the second review of the foreclosure proceedings.

As to the fifth contention, that the demurrer to the bill admitted the truth of the allegations that the decree of foreclosure was rendered *ex parte* and that Christina Huber was given no opportunity to be heard, etc., it is only necessary to say that a demurrer does not admit allegations of fact which have been previously decided and are *res judicata,* even though they are alleged contrary to the adjudication. (*Martin* v. *McCall,* 247 Ill. 484.) The bill shows clearly that such alleged matters have been previously adjudicated contrary to the contentions of the parties to this bill, and that the other facts stated in this bill contradict such alleged statement of facts.

The defendants in error filed a motion in this court to dismiss the writ of error and attached suggestions in support of their motion. Plaintiff in error has filed objections, with suggestions in support thereof. The motion, objections and suggestions have been taken with the case.

The suggestions in support of the motion to dismiss the writ disclose that the executors filed their bill in chancery in the circuit court of Cook county against the plaintiff in error, Christina Huber, John E. Huber, Frederick Mains, and others, alleging that the deeds under which they claim an undivided interest in the premises involved in this suit are clouds upon the title of the executors, and pray that they

be canceled and annulled and the defendants to the bill enjoined from claiming or attempting to claim any right or interest in the premises, and from beginning or maintaining any action, suit or proceeding in which they claim any title adverse to that of complainant; that on July 10, 1922, the court entered a decree granting the prayer of the bill, and that that decree has never been appealed from, and is today a good and valid decree and binding upon the parties to this suit. A copy of the decree is attached to the suggestions. The executors claim by their motion that the decree entered subsequent to December 17, 1921, (the date of the decree now being reviewed,) settles the rights of the plaintiff in error in this suit, and for that reason the writ of error should be dismissed. This court declines to consider the suggestions of the executors as sufficient ground for the sustaining of this motion to dismiss, for the reason that at the time the motion was made it was not clearly disclosed that an appeal or a writ of error was not being prosecuted for a review of the decree suggested as settling this case and that there would be no such review by appeal or by writ of error. There are other reasons for overruling the motion that need not be given. We may say that at our last October term of court we filed a decision in No. 16218, Kemper *et al.,* Exrs., defendants in error, *vs.* William Weber *et al.,* plaintiffs in error, passing on the merits of the case, and which is the same suit suggested by the executors, affirming the decree of the circuit court. We deem it proper to overrule the motion to dismiss the writ of error.

The motion to dismiss the writ of error is denied, and the decree of the circuit court is affirmed for the reasons aforesaid.

*Decree affirmed.*