Benjamin G. Kilpatrick, Appellee, v. Walter H. Buhlig et al., Defendants.
Appeal of Chicago Lawn State Bank, Appellant.

Gen. No. 39,966.

Opinion
filed March 16, 1938.

CASTLE, WILLIAMS & McCARTHY, of Chicago, for appellant; EMMETT J. McCARTHY and JOHN D. CLANCY, JR., of Riverside, of counsel.

HARRY A. BIOSSAT, of Chicago, for appellee.

MR. JUSTICE HALL delivered the opinion of the court.

In order that a clear understanding may be had of the nature of the issues involved here, we deem it necessary, first, to set forth in full the notice of appeal filed in the superior court of Cook county on December 10, 1937, which is as follows:

"Defendant, Chicago Lawn State Bank as Trustee under the provisions of a certain Trust Agreement known as Trust No. 31, for and on behalf of James A. Pearson, hereby appeals to the Appellate Court of Illinois, First District, from the order rendered and entered in this cause in the Superior Court of Cook County, Illinois, on November 19, 1937, appointing one Ben Gold receiver of the property involved herein, and from the further order entered herein on December 2, 1937, denying the motion to vacate said order.

"Defendant, Chicago Lawn State Bank as Trustee under the provisions of a certain Trust Agreement known as Trust No. 31, for and on behalf of James A. Pearson, prays that the order heretofore entered herein on November 19, 1937, appointing Ben Gold

receiver of the property involved in this cause, and the further order entered herein on December 2, 1937, denying the motion to vacate said order, be reversed by said Appellate Court or reversed and remanded with directions to the trial court to vacate and set aside said orders."

In a foreclosure proceeding brought to foreclose the lien of a mortgage trust deed on real estate, given to secure certain bonds, a decree of sale was entered, and on August 21, 1937, a sale of the property was had. On October 21, 1937, an order was entered approving the sale. Thereafter, on November 19, 1937, an order was entered vacating the sale. On the same date, to wit: November 19, 1937, the court entered a finding and order, in part, as follows:

"The Court . . . finds that it is provided in the trust deed herein sought to be foreclosed that upon the filing of a bill to foreclose, the Court in which the bill is filed may, before or after sale, and without regard to the solvency or insolvency of the person or persons liable for the payment of the indebtedness at the time of such application for a receiver, appoint a receiver during the pendency of the foreclosure suit, and in case of a sale and a deficiency, during the period of redemption.

"And the Court having heard evidence, and being fully advised in the premises, finds that it is necessary for the preservation of the premises which are the subject-matter hereof, that a receiver be appointed for said premises, it appearing to the Court that it is probable that there will be a deficiency after sale, and that the grantors in said trust deed are unable to satisfy the same, and that the premises are scant security for the amount due.

"It is therefore ordered, adjudged and decreed that Ben Gold be hereby appointed receiver of the prem-

ises described in the complaint in equity filed herein, and legally described as follows: [here follows legal description] upon said receiver giving a bond in form and with surety to be approved by the Court in the amount of $7,500.00, said bond to be filed within ten days from the date hereof, and that plaintiff, upon due cause being shown, is hereby excused from filing a bond herein.

"It is further ordered that said funds collected by said receiver shall be deposited to said receiver's account, and that the said receiver be and he is hereby given full power and authority to operate, manage and conserve the said premises; to find tenants therefor, and to lease same; to collect the rents, issues and profits therefrom; to insure said premises against loss by fire or other casualty; to employ janitors and other help; to make all necessary expenditures in the operation of said property; to employ counsel; to keep said premises in good condition and repair; and generally to have any and all other powers of receivers in like cases, and subject to the further order of this court."

On November 22, 1937, James A. Pearson, named in the notice of appeal, asked leave to file an intervening petition in the cause which was denied, and in the order denying leave, the court made the following finding:

"That James A. Pearson is the record title holder of the property involved in this cause, having acquired title by virtue of a bankruptcy sale in the Federal Court for the Northern District of Illinois, Eastern Division, entitled 'John Bain Inc.' and numbered 61137, said conveyance having been made to James A. Pearson on July 27, 1937 and recorded on August 6, 1937 as document numbered 12037373, and upon the statement of attorney for the plaintiff, the Court finds

that James A. Pearson, as such title holder, is merely a nominee of John McCarthy, Eugene J. Holland, James Costen and William O'Hare, and that said James A. Pearson is merely an employee in the office of John McCarthy.

"That R. R. Jenness was the purchaser at the Master's sale heretofore held herein for and on behalf of John McCarthy, Eugene J. Holland, James Costen and William O'Hare, which sale was subsequently disapproved by this court for the reason that no part of the bid was paid and that no further sale has been held in this cause.

"That the said James A. Pearson has offered to operate the property involved in this cause by posting a good and sufficient surety bond as holder of the legal title, upon such terms and conditions as the court shall see fit, accounting for the rentals received from the property in such a manner as the court shall desire, without any compensation to himself or his attorneys; that the said James A. Pearson is in the real estate management business, in the employment of said John McCarthy, his office being located within a short distance of the property in question, and as such, he is familiar with the operation and management of properties in that section of the City of Chicago." Thereafter, on December 2, 1937, a written motion was made by Pearson to vacate the order just referred to, for the following reasons: (1) That no notice was served upon James A. Pearson, owner of the equity, to support the order appointing the receiver; (2) that no bond was furnished by the complainant as required by statute; (3) That the court did not read the intervening petition, and (4) that the order entered November 22, 1937, contained certain findings of fact, based upon the statement of the attorney for plaintiff only.

After a hearing on this motion, and on December 2, 1937, the court entered a further finding and order to

the effect that on November 19, 1937, when the receiver was appointed, James A. Pearson was not a defendant in the cause, that he had not appeared by himself or by anyone for him, that there was no necessity for, nor did any rule of the court require that notice be served upon Pearson. The court further found that with reference to the fact that no bond was furnished by the complainant, that the court, for good cause, had excused such complainant from filing bond, that the court had fully considered the intervening petition filed on November 22, 1937, and that the court was fully informed as to all the facts and statements contained therein. The court ordered that the motion of Pearson to vacate and set aside the order entered on November 19, 1937, appointing Gold receiver, be denied, and that the motion to vacate the order of the court denying Pearson leave to file an intervening petition, entered on November 22, 1937, be also denied. It is from the two orders mentioned that this appeal is prosecuted. The appeal bond filed and approved is in the sum of $250, and contains the following condition:

"The condition of the above obligation is such that whereas the said Superior Court of Cook County in the state aforesaid did on December 2, 1937, enter an order denying the motion of the said James A. Pearson to vacate an order entered by said Honorable Court on November 19, 1937, appointing one Ben Gold receiver, and further denied the motion to vacate an order entered on November 22, 1937, denying leave to said James A. Pearson to file his Intervening Petition in this cause, from which said order James A. Pearson has taken an appeal to the Appellate Court for the First District of Illinois." It will be noted that the notice of appeal states that the appeal is by the Chicago Lawn State Bank, as trustee, on behalf of Pearson.

The grounds for reversal are (1) that the petitioner or his predecessor in title was entitled to receive notice of the motion for the appointment of the receiver, but that neither received such notice; (2) that a receiver should not be appointed without evidence to sustain the appointment and then only with due regard to the rights of the owner of the property, and (3) that in no event can the trial court waive the plaintiff's bond without giving notice and full hearing to the owner of the equity.

In the decree of foreclosure entered on August 22, 1934, the court found, among other things, that the Chicago Lawn State Bank was the trustee under the trust deed being foreclosed; that an order of default was entered as to the Chicago Lawn State Bank, as trustee, and that it defaulted; that the receiver of the Chicago Lawn State Bank and the Straus National Bank and Trust Company, as receiver of John Bain, Inc., had filed their appearances in the cause; that John Bain, Inc., had been served with summons and was defaulted; that the plaintiff, Benjamin G. Kilpatrick, as successor trustee, for the benefit of the holders and owners of the bonds and interest coupons secured by the trust deed, was entitled to recover the amount due on the bonds, with interest, amounting to $372,162.95, and was entitled to a lien upon the premises for the amount mentioned, subject to the lien of Kilpatrick, as successor trustee, for his own use and benefit in the sum of $10,148.30, which the court found to be superior to the right of any of the other defendants. In this document the court further found that at the time of the entry of the decree, a receiver was then in possession of the property, and the court ordered that in case the receivership of the real estate in question be terminated, and if no receiver should be in possession at such time, then the complainant might at any time, either before sale, or in the event of a

deficiency, have the right to apply for the appointment of a receiver to collect the rents, etc., and apply the same to the payment of any deficiency until the statutory period of redemption should expire, regardless as to whether or not such premises should have been redeemed from sale, and until the execution and delivery of a master's deed, or until the further order of the court, unless any such deficiency should have been sooner satisfied. While the record is silent on the question, we presume that the receivership existing at the time of the entry of this decree, was terminated when the order approving the sale was entered.

The master's report of sale filed on October 21, 1937, recites among other things, that pursuant to the decree of August 22, 1934, a master's sale was held, and that the sum of $40,000 was bid for the premises. Thereafter, on October 21, 1937, the court made a finding to the effect that the property had been appraised at the sum of $110,000, that the taxes due on the premises at such time were $38,000, that for two years prior to the date of the entry of the order, the property had not netted more than $3,000 a year after the payment of expenses for operating, and that no loan could be obtained on the premises sufficient to pay the taxes on the premises.

Except the finding of the court made on November 22, 1937, there is nothing in the record to indicate from whom Pearson obtained the title to the property in question, and in that finding the court found that Pearson had acquired title through a bankruptcy sale made in the Federal Court for the Northern District of Illinois, Eastern Division, in a proceeding entitled, "John Bain, Inc." The record further indicates that the instant foreclosure proceeding was then *lis pendens* as to the person through whom Pearson derived title, at the time the receiver was appointed.

In *Weber v. Kemper,* 320 Ill. 11, the Supreme Court held that:

''The rule in regard to *lis pendens* is, if a party buys property which is the subject of litigation from a party to the action after the process has been served and while the action is pending, he will be bound by whatever decree may be finally entered in the suit in regard to the property. By purchasing *pendente lite* he makes himself a party to the suit although he is not a party of record and his interests are represented by the party from whom he purchased, in the litigation. (*Loomis v. Riley,* 24 Ill. 307; *Jackson v. Warren,* 32 id. 331; *Norris v. Ile,* 152 id. 190); *Moore v. Jenks,* 173 id. 157.) He has a right to appear in the litigation and defend his interests in the name of the party from whom he purchased, and it is not necessary that he be made a party to the bill in order to make his defense. (*Scott v. Milliken,* 60 Ill. 108.) He cannot on his own motion be made a party to the record. (*Lunt v. Stephens,* 75 Ill. 507.) If he desires to become a party to the record he must do so by filing a supplemental bill, but he cannot, by petition, pray to be admitted to take part as a party. defendant. (*Lunt v. Stephens, supra.*)''

Having appeared, and having had a hearing as to all the matters of which he complains in this appeal, he cannot now complain that he had no hearing, or that he suffered through lack of notice. Also, by appearing in the case as he did, he waived any question as to whether or not he received notice of the application for the appointment of the receiver.

In *Kelly v. Brown,* 310 Ill. 319, the Supreme Court said: ''No limited appearance is required to raise the objection that the court has no jurisdiction of the subject matter, but if a party desires to object to the jurisdiction of his person he must limit his appearance

alone to that purpose, for if he appears for another purpose he waives the objection to jurisdiction of his person. In *Mitchell v. Jacobs*, 17 Ill. 235, the court held that when a party appears for any purpose whatever except to object to the process or service he waives all objections thereto, although the process may be void or there may have been no service. In that case the party objecting had previously consented to a continuance of the case and the court held that he thereby submitted himself to the jurisdiction of the court, citing *Easton v. Altum*, 1 Scam. 250, where the same rule was announced. In *Louisville and Nashville Railroad Co. v. Industrial Board*, 282 Ill. 136, the court held a special appearance must be confined to a denial of jurisdiction, and that an appearance for any other purpose than to object to the jurisdiction is general. In that case the court quoted with approval 4 Corpus Juris, 1316, that 'any act by the defendant which recognizes the jurisdiction of the court amounts to a general appearance.' " We conclude that the point made that the receiver was appointed without notice to Pearson, is without merit.

In the decree of foreclosure hereinbefore referred to, the court had jurisdiction of John Bain, Inc., through whom Pearson is shown by the order of the court to have taken title, and it is shown that the court by its decree, in terms, retained jurisdiction to appoint a receiver under certain circumstances mentioned, and in case a certain financial condition should be found to exist. The financial record of the property, as shown by the record here, indicates that at the time the receiver was appointed, such a situation had been reached.

Pearson indicated that he acquiesced in this last statement when he offered to operate the property involved, by posting a good and sufficient surety bond,

as holder of the legal title, upon such terms as the court might require, and to account for the rentals received from the property under the direction of the court, without compensation.

Plaintiff has moved to dismiss this appeal for the reason that there is no evidence in the record to show that the Chicago Lawn State Bank, as trustee, through whom Pearson claims to have derived title, and through whom he prosecutes this appeal, was ever the owner of the premises, or that Pearson received title through it. In his reply brief, Pearson admits that it is true, that the record does not show that the Chicago Lawn State Bank was ever the owner of the property, and has moved this court for leave to offer evidence as to this fact, here. In view of the entire situation, and the state of the record, we are of the opinion that if further evidence is to be received, it should be in the trial court, and not here, and as Pearson has, in effect, confessed error in this regard, we are of the opinion that the appeal should be dismissed. It is, therefore, the order of the court that the appeal herein be dismissed.

*Appeal dismissed.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.